IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| South Carolina Department of Social Services, | ) ) ) | Case No.: 4:22-CV-01853-JD-KDW |
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER AND OPINION** |
| Gabrielle Wright and Darian Williams, | ) ) ) | |
| Defendants, | ) ) | |
| Nichole Harris Bey and Durelle El Bey, | ) ) ) | |
| Interested Parties. | ) ) ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West ("Report and Recommendation") (DE 21), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Interested Parties Nichole Harris Bey and Durelle El Bey (collectively "Interested Parties" or "Bey"), proceeding *pro se*, filed a Notice of Removal (DE 1) purporting to remove an action filed by Defendant the South Carolina Department of Social Services ("Plaintiff" or "DSS") in the Marlboro County Family Court, South Carolina, Case No. 2022-DR-34-22, to this Court. The family court action was initiated to remove Defendants Gabrielle Wright and Darian Williams's minor children from their home due to unsafe conditions. Bey asserts the Court has

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

original jurisdiction over this family court matter pursuant to 28 U.S.C. §§ 1331 and 1332. (DE 1, pp. 2-3.)

On July 21, 2022, DSS filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(5) and 12(b)(6). (DE 19.) Plaintiff alleges this Court lacks subject matter jurisdiction to hear this matter, the Defendants have failed to state a claim, and the action was not properly served on South Carolina Department of Social Services. (DE 19.) On July 22, 2022, prior to the time allotted to file a response to DSS's motion to dismiss, the magistrate judge issued a Report, recommending remanding this matter to the Marlboro County Family Court for lack of subject matter jurisdiction. (DE 21.)

On August 5, 2022, Bey filed an objection to the Report. (DE 29.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of specific objections to the Report and

Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Bey raises several objections, which go to the heart of its claims and defenses against DSS in DSS's enforcement action against Defendants, but they do not address whether this Court has federal question subject matter jurisdiction. Moreover, the Magistrate has comprehensively and in detail addressed this Court's lack of federal question subject matter jurisdiction, even if the Court were to consider Bey's objections because these claims at best are affirmative defenses and, therefore, do not establish subject matter jurisdiction. See Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense. . . ."). Therefore, the Court overrules all of Bey's objections.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and incorporates it herein and remands this case to the Marlboro County Family Court.

It is, therefore, **ORDERED** that DSS's Motion to Dismiss for lack of subject matter jurisdiction is granted (DE 19) and Interested Parties' Notice of Removal (DE 1) is remanded. The Court declines to rule on DSS's alternative grounds for relief because it lacks subject matter jurisdiction.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 15, 2022

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that they have the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.